UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT M. CHEDVILLE** | * | CIVIL ACTION NO. |
|     **Plaintiff,** | * | 2:18-CV-07621-LMA-JVM |
| | * | |
| **V.** | * | |
| | * | |
| **FOREMOST INSURANCE** | * | |
| **COMPANY** | * | |
|     **Defendant.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

NOW INTO COURT, comes Defendant, FOREMOST INSURANCE COMPANY ("Foremost"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*, (the "NFIA")), and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" (44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1)) and at the expense of the US Treasury,[1] for the purpose of responding to Plaintiff's Complaint and asserting Affirmative Defenses thereto, to wit:

### I.    Jurisdiction and Venue

1. The allegations contained in paragraph 1 of the Complaint are admitted.

2. The allegations contained in paragraph 2 of the Complaint are admitted in part and denied in part. Foremost admits that this civil action involves allegations surrounding a Standard Flood Insurance Policy ("SFIP"), which is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), issued by Foremost to Judith Chedville, not the Plaintiff. It is denied that Plaintiff

---

[1] *Grissom v. Liberty Mutual Fire Insurance Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

was the Homeowner on the date of the flood at issue. Further answering, Foremost denies any breach of said SFIP.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. The allegations contained in paragraph 6 of the Complaint are admitted.

7. The allegations contained in paragraph 7 of the Complaint are admitted.

## II. Parties

8. The allegations contained in paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. The allegations contained in paragraph 10 of the Complaint are admitted.

11. The allegations contained in paragraph 11 of the Complaint are a paraphrase of a statement of law, which to the extent that it is accurate is admitted, otherwise denied.

12. The allegations contained in paragraph 12 of the Complaint are a paraphrase of a statement of law, which to the extent that it is accurate is admitted, otherwise denied.

## III. Factual Background

13. The allegations contained in paragraph 13 of the Complaint are admitted to the extent that the property located at 44186 S. Oschnern, Robert, LA 70455, was damaged by flood. It is denied that the Plaintiff owned the property on the date of the flood at issue. All remaining allegations are denied due to lack of sufficient information upon which to base a belief.

14. The allegations contained in paragraph 14 of the Complaint are admitted to the extent that the policy at issue is a SFIP Dwelling Form which provided coverage for flood damages for the

property located at 44186 S. Oschnern, Robert, LA 70455. It is denied that Plaintiff was the "Homeowner" on the date of the loss. Answering further, the SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its terms, coverages, conditions, limitations, and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.

15. The allegations contained in paragraph 15 of the Complaint are admitted upon information and belief.

16. The allegations contained in paragraph 16 of the Complaint are admitted to the extent that Judith Chedville was issued a Dwelling Form SFIP by Foremost, policy number 87024146462016 for the property located at 44186 S. Oschnern, Robert, LA 70455, said SFIP being a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), otherwise denied.

17. The allegations contained in paragraph 17 of the Complaint are admitted in part and denied in part. It is admitted that the property at issue suffered some damage from flood. It is denied that the Plaintiff was the "Homeowner" of the dwelling on the date of the loss. All remaining allegations are denied for lack of sufficient information in which to form a belief therein.

18. The allegations contained in paragraph 18 of the Complaint are admitted in part and denied in part. It is admitted that Judith Chedville reported the loss to Foremost. It is denied that Plaintiff was the "Homeowner" of the property at issue on the date of the flood at issue. All remaining allegations are denied as written as they contain, or call for, a legal conclusion, based upon a substantial issue of fact and/or law.

19. The allegations contained in paragraph 19 of the Complaint are admitted in part and denied in part. Foremost admits that it provided an adjuster to adjust the subject flood loss and

assist the insured with the presentation of their flood claim as "a matter of courtesy only", otherwise denied.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The allegations contained in paragraph 21 of the Complaint are denied to the extent they allege that the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the "independent" adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Homeowners' dwelling and their community, or that the adjuster used inappropriate and/or inadequate method for repair. Further answering, it is denied that Plaintiff was the "Homeowner" on the date of the flood loss at issue. The remaining allegations are denied for lack of sufficient information to form a belief therein.

22. The allegations contained in paragraph 22 of the Complaint are denied to the extent they allege the adjusters' Proof of Loss and Insurer's payment failed to adequately compensate homeowners for all covered losses. Further answering, it is denied that Plaintiff was the "Homeowner" on the date of the flood loss at issue. The remaining allegations are denied due to lack of sufficient information upon which to form a belief therein.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are admitted in part and denied in part. Foremost admits that Plaintiff's counsel forwarded a signed Proof of Loss and purported damage estimate to Foremost, however, it is denied that said Proof of Loss and purported damage estimate accurately reflect the damage caused by or from flood to the subject insured property.

25. The allegations contained in paragraph 25 of the Complaint are denied. Further answering, Exhibit 1 speaks for itself.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### IV. Claim for Breach of Contract

29. Foremost hereby reasserts and realleges all answers to the previous 28 paragraphs as if copied *in extenso*.

30. The allegations contained in paragraph 30 of the Complaint are admitted only to the extent that Defendant issued an insurance policy to Judith Chedville in its capacity as a WYO Program carrier. The insurance contract issued by Defendant is a Dwelling Form SFIP for the policy number 87024146462016 for the property located at 44186 S. Oschnern, Robert, LA 70455. Answering further, the SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its terms, coverages, conditions, limitations, and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*. Further answering, it is denied that Plaintiff was the "Homeowner" on the date of the flood loss at issue. All remaining allegations are denied as written as they contain or call for legal conclusions of substantive issues of law and/or fact which have not been proven.

31. The allegations contained in paragraph 31 of the Complaint are admitted only to the extent that the SFIP provided coverage for direct physical damage resulting from flood. Answering further, the SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its terms, coverages, conditions, limitations, and exclusions as stated

therein and is incorporated and pled herein by reference as if copied *in extenso*. Further answering, it is denied that Plaintiff was the "Homeowner" on the date of the flood loss at issue. All remaining allegations are denied as written as they contain or call for legal conclusions of substantive issues of law and/or fact which have not been proven.

32. The allegations contained in paragraph 32 of the Complaint are denied, as they are legal conclusions based on substantive issues of law and/or fact which have not been so proven. Further answering, it is denied that Plaintiff was the "Homeowner" on the date of the flood loss at issue.

33. The allegations contained in paragraph 34 of the Complaint are admitted in part and denied in part. It is admitted that the SFIP is a regulation of the Federal Emergency Management Agency which states the conclusions under which federal flood insurance funds may be disbursed. It is denied that Defendant breached the SFIP or federal law.

34. The allegations contained in paragraph 34 of the Complaint are admitted to the extent that the insured property suffered some damage from flood. Further answering, it is denied that Plaintiff was the "Homeowner" on the date of the flood loss at issue. All remaining allegations are denied.

35. The allegations contained in paragraph 35 of the Complaint are denied.

36. The allegations contained in paragraph 36 of the Complaint are denied.

## V. Prayer for Relief

37. The allegations contained in the Prayer for Relief following paragraph 36 of the Complaint are denied.

AND NOW, IN FURTHER ANSWER, COMES Defendant, Foremost Insurance Company, to submit the following Affirmative Defenses to Plaintiff's Complaint, to wit:

## NO STANDING

Plaintiff has no standing to bring the lawsuit as he was not the owner of the subject property, nor an insured of the SFIP at issue.

## NO PRIVITY OF CONTRACT

There is no privity of contract between Plaintiff and Defendant.

## NO CAUSE OF ACTION

The Complaint fails to contain claims upon which relief may be granted by this Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiff seek any recovery from Foremost under federal law beyond what is provided for in the text of the SFIP, Foremost affirmatively asserts that no right of action exists.

## THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Foremost to the Insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the Insured has no cause to complain of the strictures of the NFIP, for she (Judith Chedville) agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

## ACCURATE INFORMATON

Foremost avers that it has the right to review the information given by the Insured at any time and to revise the policy based upon that review.

## CHARGED WITH KNOWLEDGE and NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiff is charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See*, *Federal Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiff is charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7) and (8).

## DUTIES OF THE INSURED

The Insured is responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions.

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the Insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

**FISCAL AGENT STATUS**

By statute, Foremost is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Foremost's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019. Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

**DEFINITIONS**

Foremost pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Flood, You, Your, Valued Policy, etc. Foremost further avers that said definitions must be strictly construed, interpreted and enforced.

**LIMITATIONS OF COVERAGES**

Foremost avers as an affirmative defense those provisions and limitations of coverage contained at ARTICLE III of the SFIP.

**STRICT CONSTRUCTION AND INTERPRETATION**

Foremost pleads that, as all claims under the SFIP are made with U.S. Treasury funds, out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See*, 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d.

397 (5th Cir. 2012).

## U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the Insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Insured are seeking under the policy, the Insured must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

## DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Defendant asserts that Plaintiff failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in the pre-suit demand pursuant to FEMA Bulletin W-14058. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the Insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the Insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress.  Additionally, the Insured should provide the requested

documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

## WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See,* 44 C.F.R. § 61.13(d), § 62.23(k), and SFIP Article VII(D), which are pled herein as though contained *in extenso*. Foremost affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. The Federal Insurance Administrator ("FIA") is the sole authority. The only evidence of any such waiver specific to the captioned matter of which Foremost is aware is for an extension of time to file a valid Proof of Loss, said waiver having expired on December 31, 2017. Foremost is not aware of any waiver specific to the Plaintiff/ Insured in the captioned matter.

## TIME LIMITATIONS

Plaintiff's lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Foremost to the Insured. Thus, Plaintiff's suit is time barred. *See*, 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## NO BREACH OF DUTY

There was no breach of any duty owed by Foremost to the Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Foremost in this case. Foremost avers that the Plaintiff has not been damaged as a result of any alleged action or inaction on the part of Foremost.

## MITIGATION

If any of the Insured's damages are a result of a failure by the Insured to take reasonable

steps to mitigate the loss, those damages are not recoverable.

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the Insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C. §§ 1011-15), Foremost asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Foremost respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

## PAYMENT FOR THE HANDLING OF CLAIMS

Foremost has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an Insured under an SFIP. In other words, the greater the amount paid to an Insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

## PRIOR PAYMENTS

Foremost asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as

an affirmative defense. In the event of any recovery by the Insured, Foremost affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

### IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiff can establish that he has submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

### PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

### NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

### CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

### CLAIMS ADJUSTMENTS

Foremost pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in

accordance with general Company standards, guided by the NFIP Adjuster Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

## NOT GENERAL AGENT

Defendant is not the general agent of the U.S. Government. *See* 44 C.F.R.§ 62.23(g).

## SFIP IS A SINGLE RISK POLICY

The Plaintiff is not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See,* Articles I and II (B)(21) of the SFIP.

## COMPLIANCE REQUIREMENT

Defendant asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

## PROPERTY NOT COVERED

Defendant avers as an affirmative defense ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flooding.

## EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to earth movement, water, moisture,

mildew and mold exclusions.

## LOSS SETTLEMENT

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT, including but not limited to VII(V)(4)(i).

## PRIOR LOSS

The Insured property suffered prior flood losses for which the insured, at the time of the prior flood loss, was compensated, but proper repairs were not made to the property. As such Defendant avers that payment cannot be made again for those same damages. The burden is on the Insured to present proof that the prior loss was remediated and that additional payments are not duplicative.  Defendant asserts, but is not limited to SFIP Article VII(K) in this regard.

## APPRAISAL CLAUSE

If this Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

## AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

## BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP.

To the extent Plaintiff seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

## OFFSET & DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. As such, Plaintiff's claims are barred or reduced in part by the comparative negligence of the Plaintiff or third parties that contributed to the Plaintiff's negligence.

## PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). It is Plaintiff's burden to establish that he strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Defendant specifically asserts that Plaintiff failed to timely submit a valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for additional U.S. Treasury funds.

## REINSPECTION OF PROPERTY

Defendant asserts that it has not been given the opportunity to re-inspect the insured property pursuant to the Plaintiff's request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2). *See,* the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

## OVERHEAD AND PROFIT

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject

property has been sold prior to repairs being made, Plaintiff is not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

### OFFICE OF GENERAL COUNSEL REVIEW

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

### ANTI-ASSIGNMENT OF CLAIMS ACT

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

### FEMA FLOOD INSURANCE MANUAL

Foremost asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiff's SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. *See,* https://www.fema.gov/flood-insurance-manual.

### THE ARRANGEMENT

Foremost, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

### FEMA BULLETINS

Per the *Arrangement* (Arts. I(5) and (6), II(A)(2) and (G)), Foremost shall abide by written guidance published by FEMA. *See,* https://nfip-iservice.com/nfip_docs.html.

## THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(1), is the best evidence of the terms and conditions of said federal insurance policy.

## FEMA ADJUSTER CLAIMS MANUAL

Foremost asserts that the FEMA Adjuster Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of the SFIP. *See*, https://www.fema.gov/media-library/assets/documents/2675.

## DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiff's Complaint that have not been specifically admitted are hereby denied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiff's Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

## PRAYER

WHEREFORE, Defendant, Foremost Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiff against Defendant, Foremost Insurance Company, with prejudice, and at Plaintiff's costs.

Dated: October 9, 2018.

Respectfully Submitted:

**NIELSEN & TREAS, LLC**

*/s/ Deani Beard Milano*
Deani Beard Milano, Esq., T.A., LSBA No. 24358
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-832-9165
Email: dmilano@nct-law.com
*Counsel for Defendant, Foremost Ins. Co.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 9, 2018, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing as follows:

    Rajan Pandit
    Jason M. Baer
    John D. Carter
    Henry J. Roth
    Sandra D. Guidry
    Pandit Law Firm, LLC
    701 Poydras Street, Suite 3950
    New Orleans, Louisiana 70139
    *Counsel for Plaintiff*

    */s/ Deani Beard Milano*
    Deani Beard Milano